

**Service of Process Transmittal**
04/11/2011
CT Log Number 518337031

TO: Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation --A6
Northbrook, IL 60062-6127

RE: **Process Served in Georgia**

FOR: ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Ronnie and Linda Dillard, Pltfs. vs. Allstate Property and Casualty Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Fulton County Superior Court, Fulton, GA<br>Case # 2011CV199094 |
| NATURE OF ACTION: | Insurance Litigation - Pertaining to property damage regard policy number 931770488 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Atlanta, GA |
| DATE AND HOUR OF SERVICE: | By Process Server on 04/11/2011 at 16:05 |
| JURISDICTION SERVED: | Georgia |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Andrew M. Beal<br>Beal and Blitch, LLP<br>1100 Peachtree Street<br>Suite 640<br>Atlanta, GA 30309<br>404-688-2700 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 04/11/2011, Expected Purge Date: 04/16/2011<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Bill Boodro wboodro@allstate.com |
| SIGNED:<br>PER:<br>ADDRESS:<br>TELEPHONE: | C T Corporation System<br>Terence Hardley<br>1201 Peachtree Street, N.E.<br>Atlanta, GA 30361<br>404-965-3840 |

EXHIBIT "A"

Page 1 of 1 / SE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

RONNIE AND LINDA DILLARD )
)
Plaintiffs, )
) CIVIL ACTION NO:
)
v. ) 2011CV199094
)
ALLSTATE PROPERTY & CASUALTY )
INSURANCE COMPANY )
)
Defendant. )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: **ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Andrew M. Beal Esq.
Beal and Blitch, LLP
1100 Peachtree Street, Suite 640
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 11th day of April, 2011.

Cathelene Robinson
Clerk of Superior Court

By_____
Deputy Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE
APR 11 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| RONNIE AND LINDA DILLARD )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALLSTATE PROPERTY & CASUALTY )<br>INSURANCE COMPANY )<br>)<br>Defendant. ) | CIVIL ACTION NO:<br>2011CV199094 |

## COMPLAINT

COME NOW Ronnie and Linda Dillard (hereinafter "Plaintiffs"), and files this, their Complaint against Defendant Allstate Property & Casualty Insurance Company (hereinafter "Defendant"), and respectfully show this Court as follows:

### I. INTRODUCTION

1.

Plaintiffs are residents of Georgia and currently reside at 136 Diamond Ridge Lane, Canton, Georgia, 30114.

2.

Defendant is an Illinois corporation engaged in the business of providing contracts of insurance and related services throughout the United States. Defendant maintains insurance offices throughout the State of Georgia, and provided insurance to Plaintiffs here. Defendant may be served with summons and process through its registered agent, Dale W. Morris, 1201 Peachtree Street NE, Atlanta, Fulton County Georgia, 30361.

1

3.

Defendant is subject to the jurisdiction of this Court, and venue is proper before this Court.

## II. STATEMENT OF FACTS

4.

Defendant issued to Plaintiffs a Deluxe Homeowners Policy, policy number 931770488 (hereafter "the Policy").

5.

In approximately January of 2009, Plaintiffs discovered defective drywall in their home.

6.

Plaintiffs, as well as their son, all suffered illnesses from the effects of the defective drywall. Included among their illnesses were sinus infections, burning eyes, and chronic coughing. Plaintiffs and their son visited their family physician and walk-in clinics for treatment of these conditions.

7.

Plaintiffs contacted their Allstate agency in Canton, Georgia in April of 2009, explained the defective drywall situation to the local agent, and were told by the agent to leave the home and file a claim.

8.

Prior to moving out their home, Plaintiffs were assured by Defendant that their rental and living expenses would be covered under the Policy.

9.

Relying on the representations of Defendant's agent, Plaintiffs moved out of their home and into a rental home in May of 2009 to prevent further illness and to properly clean the home of the effects of the defective drywall.

10.

Plaintiffs also filed a claim with Defendant for the defective drywall.

11.

During their time at the rental home, Plaintiffs maintained their primary home as though it was their primary residence at all times. In addition, Plaintiffs visited the home several times a week to pick-up their mail and to check on the home.

12.

On June 12, 2009, Defendant denied Plaintiffs' claim for the defective drywall due to Defendant's belief that the residue from the drywall is considered a pollutant and therefore not covered under the Policy.

13.

Plaintiffs would not have moved into a rental home had Defendant not advised them to leave the home and had Defendant not represented to them that their rental expenses would be covered.

14.

Unable to continue to make the rental home payments, Plaintiffs began to move back into their home in March of 2010.

15.

Throughout the month of March, Plaintiffs were at the home every day moving in

their furniture and personal belongings.

16.

In addition, on April 11, 2010, Plaintiffs had been in the home all day preparing to stay in the home and had moved their mattresses and clothes back into the home.

17.

On the night April 11, 2010, Plaintiffs' home was completely destroyed by a home fire.

18.

Importantly, the cause and origin investigator retained by Defendant told Plaintiffs that the fire originated from an electrical source near a front-loading dryer located in the home and which was used by the Dillards during the week and day of the fire.

19.

Thereafter, Defendant represented to Plaintiffs on numerous occasions that the fire loss would be covered under the Policy and that Defendant would pay to Plaintiffs their additional living expenses during the reconstruction of the home.

20.

Specifically, Defendant left a voicemail on Mr. Dillard's cell phone stating that the damage to the house was considered a total loss, and Defendant was going to pay $250,000.00, the full amount under the Policy.

21.

Furthermore, Defendant made several payments to Plaintiffs for living expenses, totaling $1600.00 and issued a check in the amount of $2500.00 in payment for

4

unscheduled personal property for the fire loss.

22.

Based upon Allstate's representations that the claim would be covered, including all living expenses, Plaintiffs incurred significant additional living expenses that they would not have otherwise incurred.

23.

The Dillards own a trailer and would have lived in the trailer to avoid rental expenses had they known that Allstate was going to deny their claim after first representing to them that the claim for the drywall would be covered.

24.

On December 22, 2010, Defendant denied Plaintiffs' claim for the fire loss on the basis that their temporary absence from the home during the cleaning process increased the likelihood of a fire.

## COUNT ONE
## BREACH OF CONTRACT

25.

Plaintiffs hereby repeat and reallege each and every allegation contained in Paragraphs 1 through 24 of this Complaint as if more fully set forth herein.

26.

According to the Policy, Defendant "will cover sudden and accidental direct physical loss to property described in Coverage A- Dwelling Protection..." (The Policy p. 6).

27.

According to Coverage A – Dwelling Protection, Defendant will cover "[y]our dwelling including attached structures."

28.

Dwelling is defined as "a one, two, three or four family building structure, identified as the insured property on the Policy Declarations, where you reside and which is principally used as a private residence." (The Policy p. 4, ¶ 12).

29.

Residence premises "means the dwelling, other structures and land located that the address stated on the Policy Declarations." (The Policy p.3, ¶ 7).

30.

The Policy constitutes a contract for which the Plaintiffs paid valuable consideration, including, but not necessarily limited to policy premiums.

31.

Plaintiffs have set forth facts sufficient to support a valid claim for coverage under the Policy, and Defendant is obligated, under the terms of the policy, to pay Plaintiffs its damages as defined under the Policy.

32.

Contrary to the terms of the Policy and contrary to Defendant's representations to Plaintiffs, Defendant has refused to make payment to Plaintiffs.

33.

Such denial of coverage violates the terms and conditions of coverage under the Policy and the duties of Defendant thereunder.

34.

Defendant's actions and representations to Plaintiff regarding coverage of both claims increased Plaintiffs' damages here by causing them to incur additional living expenses that they would not otherwise have incurred.

35.

Defendants are estopped from denying Plaintiffs' claim due to representations to Plaintiffs, due to partial payments made by Defendant to Plaintiffs, and due to Defendant's delay in evaluating and denying Plaintiffs' claim.

## COUNT TWO
## BAD FATIH DENIAL OF INSURANCE COVERAGE

36.

Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 35 of this Complaint as if more fully set forth herein.

37.

Defendant owes a general fiduciary duty of good faith and fair dealing in reviewing and responding to Plaintiffs' claims for coverage under the Policy.

38.

Defendant owes a specific duty to Plaintiffs in making coverage decisions and must give Plaintiffs, as their insureds, the same faithful consideration to the Plaintiffs' interests as they give their own interests.

39.

In making their coverage decisions, and otherwise in administering Plaintiffs' insurance coverage, Defendant did not give the same faithful consideration to the Plaintiffs' interests as they gave their own interests and has breached its duties to

7

Plaintiffs and acted in bad faith in denying Plaintiffs' claims for coverage under the Policy by making a denial which was not supported by the facts of the claim or the law of the State of Georgia, thereby damaging Plaintiffs and entitling Plaintiffs to damages for their claims covered under the Policy as well as damages provided under O.C.G.A. §33-4-6, together with attorneys fees.

40.

Defendant's representations to Plaintiffs that their claims, including additional living expenses, were covered under their policy of insurance were made in bad faith and increased Plaintiffs' damages here by causing them to incur additional expenses that they would not otherwise have incurred.

41.

Specifically, Plaintiffs have been damaged in the amount of $340,609.28. This amount includes $250,000.00 for Plaintiffs' dwelling, $74,629.24 for the actual cash value of Plaintiffs' personal property, which reflects a twenty-percent (20%) depreciation of the $93,286.54 total loss of personal property, and $15,980.04 for rental expenses that Plaintiffs have incurred since the fire.

WHEREFORE, Plaintiffs respectfully pray:

(a) that this case be tried before a jury;

(b) that judgment be entered against Defendant Allstate Property & Casualty Insurance Company in an amount of $340,609.28, plus any amounts to be proven at trial for additional living expenses incurred as a result of Plaintiffs' initial move out of the home which was pursuant to Defendant's direction and assurance that those expenses would be covered under the Policy, as well damages as provided under O.C.G.A. §33-4-6

8

for bad faith denial of insurance claim, including attorneys fees; and

    (c)    that Plaintiffs have such other and further relief as this Court finds just and proper.

This 11th day of April, 2011.

Respectfully submitted,

By: /s/ Andrew M. Beal
Andrew M. Beal
Georgia Bar No. 043842
Sarah C. Thomas
Georgia Bar No. 215379

**BEAL & BLITCH, LLP**
1100 Peachtree Street, Suite 640
Atlanta, Georgia 30309
(404) 688-2700