IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RONNIE AND LINDA DILLARD | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01466-MHS |
| | ) | |
| ALLSTATE PROPERTY & | ) | |
| CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**INITIAL DISCLOSURES**

**COMES NOW**, Defendant Allstate Insurance Company, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, and hereby provides the following information to all parties in the above styled action:

1.

If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended Summons and Complaint reflecting the information furnished in this Disclosure Response.

**RESPONSE:** Not applicable.

2.

Provide any names of any parties whom Defendant contends are necessary parties to this action, but who may not have been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.

**RESPONSE:** None known at this time.

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claim asserted by the Defendant in the responsive pleading.

**RESPONSE:** **This is an action in contract. Plaintiffs seek damages for Defendant Allstate's alleged failure to pay Plaintiffs' insurance claim. Defendant Allstate issued a Deluxe Homeowners Policy to Plaintiffs on September 4, 2008 for property located at 2159 White Road, White, Georgia ("the Property"). Plaintiffs' claims follow a fire loss that occurred at the Property on or around April 11, 2010.**

**The Allstate Policy issued to Plaintiff provides, in pertinent part:**

**Insuring Agreement**

In reliance on the information **you** have given **us**, **Allstate** agrees to provide the coverages indicated on the Policy

Declarations. In return, **you** must pay the premium when due, comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the residence premises.

**Concealment and Fraud**
This policy is void if it was obtained by misrepresentation, fraud or concealment of material facts. If it is determined that this policy is void, all premiums paid will be returned to **you** since there has been no coverage under this policy.

**We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance.

**Coverage A - Dwelling Protection**

**Property We Cover Under Coverage A:**
  1. **Your dwelling**, including attached structures.

**"Dwelling"** – means a one, two, three or four family **building structure,** identified as the insured property on the Policy Declarations, where you reside and which is principally used as a private residence.

**Losses We Do Not Cover Under Coverages A and B:**

We do not cover to the property described in **Coverage A – Dwelling Protection** or **Coverage B – Other Structures Protection** consisting of or caused by:

> 7. The failure by any **insured person** to take all reasonable steps to preserve property when the property is endangered by a cause of loss **we** cover.

> 8. Any substantial change or increase in hazard, if changed or increased by any means within the control or

3

knowledge of an **insured person**.

The Allstate Policy also contains certain provisions about what an insured must do after a loss. Specifically, the Policy states:

**Section I Conditions**

    2. **What You Must Do After a Loss**

In the event of a loss to any property that may be covered by this policy, **you** must:

    b) protect the property from further loss. Make any reasonable repairs necessary to protect it.

    c) separate damaged from undamaged personal property. Give **us** a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

    d) give **us** all accounting records, bills, invoices and other vouchers, or certified copies, which **we** may reasonably request to examine and permit **us** to make copies.

    e) produce receipts for any increased costs to maintain your standard of living while **you** reside elsewhere, and records supporting any claim for loss of rental income.

    g) within 60 days after the loss, give us a signed, sworn proof if loss. This statement must include the following information:

        2)    the interest **insured persons** and others have in the property, including any encumbrances;

      3)     the actual cash value and amount of loss for each item damages, destroyed or stolen;

      5)     any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

**12. Suit Against Us**

No suit or action may be brought against **us** unless there has been full compliance with all policy terms.

**After the April 11, 2010 fire, Plaintiffs submitted a fire loss claim to Allstate. Allstate proceeded to conduct a thorough investigation into the fire loss claim, and thereafter denied Plaintiffs' claim based upon lack of coverage. Allstate maintains Plaintiffs cannot recover in this breach of contract action for several reasons, including but not limited to: Plaintiffs did not reside at the Property; the Property was vacant or unoccupied prior to and at the time of the fire; Plaintiffs failed to notify Allstate of a change in use or occupancy of the residence premises; and, Plaintiffs misrepresented material facts to Allstate during the claim investigation.**

4.

Describe in detail all statutes, codes, regulations, legal principles, standards, customs or usages, and illustrative case law, which Defendant contends are

5

applicable to this action.

**RESPONSE: Georgia's applicable case and statutory law as to the enforcement of the terms of an insurance contract and alleged damages. Under Georgia law, a party claiming coverage under an insurance policy has the burden of proving that the claim is covered under the policy. <u>Planters and Citizens Bank v. Home Ins. Co.</u>, 786 F.Supp. 977, 982 (S.D. Ga. 1992); <u>Continental Cas. Co. v. Synalloy Corp.</u>, 667 F.Supp. 1550, 1555 (S.D. Ga. 1985). Here, the Allstate policy issued to Plaintiffs sets forth the applicable coverages, conditions and limitations. In order to recover, Plaintiffs first must prove they suffered a covered loss and the amount of such loss.**

**If an insurance policy requires that an insured reside at the property in question in order for there to be coverage and the insured does not reside at the property in question, the policy will not provide coverage. <u>Varsalona v. Auto-Owners Ins. Co.</u>, 281 Ga. App. 644, 637 S.E.2d 64 (2006); <u>Epps v. Nicholson</u>, 187 Ga. App. 246, 370 S.E.2d 13 (1988).**

**When seeking to recover under a policy of insurance, an insured has an obligation to cooperate with the insurer, provide all information requested by the insurer and be examined under oath. <u>Pervis v. State Farm Fire and</u>**

Casualty Co., 901 F.2d 944 (11th Cir. 1990); <u>Allstate Insurance Co. v. Hamler</u>, 247 Ga. App. 547 (2001).

The Georgia standard fire policy provides that "this entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto." O.C.G.A. § 33-32-1.

In an action for fire loss insurance proceeds, if the insured has misrepresented or concealed any material fact in connection with the insurance claim, the insurance policy is void and there can be no recovery. <u>Precision Printers v. Central Mut. Ins. Co.</u>, 175 Ga. App. 890 (1985). A fraudulent misrepresentation is a misrepresentation of fact knowingly made. However, it is not necessary that the insurance company actually be deceived by such misrepresentation. <u>Perry v. State Farm Fire & Casualty Co.</u>, 734 F.2d 1441 (11th Cir. 1984), cert. denied, 469 U.S. 1108. A misrepresentation or a concealed fact is "material" if the fact is one which would influence a prudent insurance company's decision-making process or if the fact might affect the insurance company's action with respect to settlement or

**adjustment of the claim filed by the insured. Woods v. Independent Fire Ins. Co., 749 F.2d 1493 (11th Cir. 1985); Perry v. State Farm Fire & Casualty Co., 734 F.2d 1441 (11th Cir. 1984).**

**O.C.G.A. § 33-4-6 and its supporting case law which will show that Plaintiffs are not entitled to make a bad faith claim as a matter of law.**

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claim or defenses, unless solely for impeachment, identify the subjects of the information.

**RESPONSE:** **Please see Attachment "A".**

6.

Provide the name of any person who may be used at trial to present evidence under Rule 702, 703 or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide separate written reports satisfying the provisions of the Rule.

**RESPONSE:** **Defendant Allstate has yet to reach a decision regarding the identity of a person or persons who may be used at trial to**

**present evidence under Rule 702, 703 or 705 of the Federal Rules of Evidence. Defendant will supplement this response as discovery progresses.**

7.

Provide a copy of, or description by category and location of, all documents, data, compilations and tangible things in your possession, custody or control that you may use to support your claim or defenses unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:** **Please see Attachment "C"**

8.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, non-privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

**RESPONSE:** **Defendant Allstate is not claiming any damages at this time.**

9.

If the Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiffs or Defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** **As stated in its Answer, Defendant Allstate is not liable to Plaintiffs. At this time, Defendant Allstate is not aware of any other person or entity that may be liable to Plaintiffs.**

10.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify and reimburse for payments to satisfy the judgment.

**RESPONSE:** **Upon information and belief, Plaintiffs are in possession of a true and correct copy of the Policy.**

This 15th day of June, 2011

                              WEBB, ZSCHUNKE, NEARY &
                                  DIKEMAN, LLP

                        By:   */s/ Marvin Dikeman*
                               MARVIN D. DIKEMAN
                               Georgia State Bar No. 221760
                               MELISSA C. PATTON
                               Georgia State Bar 187560
                               LACEY J. OURSO
                               Georgia State Bar No. 670346
                               ***Attorneys for Defendant Allstate Insurance Company***

One Securities Centre, Suite 1210
3490 Piedmont Road
Atlanta, GA  30305
Telephone: 404.264.1080
Telecopier: 404.264.4520
E-Mail: mdikeman@wznd.net
E-Mail: mpatton@wznd.net
E-Mail: lourso@wznd.net

# ATTACHMENT "A"

Defendant Allstate believes that the following persons may have knowledge of discoverable matter pertinent to Allstate's defenses in this case:

1) **Plaintiffs Ronnie and Linda Dillard**: Plaintiffs have knowledge of the claims set forth in the Complaint.

2) *<u>**Representatives of United Community Bank (UCB)**</u>*: all (former and current) employees, agents, representatives, principals, officers, and directors of UCB with knowledge of discoverable matters, including, but not limited to, the facts of this case, all business dealings, financing and loan(s) relating to the Property, Plaintiffs, and any matters related to the Allstate Policy at issue in the case.

3) **Dorothy Brown Jackson**: Allstate employee involved with the handling of Plaintiffs' fire loss claim, including the Additional Living Expenses portion of the claim.

4) **Debra Hatfield**: Allstate employee, from the Special Investigations Unit, involved with the handling of Plaintiffs' fire loss claim.

5) **Kelly Mendez**: Allstate employee involved with the handling of Plaintiffs' fire loss claim, including the structure portion of the claim.

6) **Beverly Jane Minton**: Allstate employee involved with the handling of Plaintiffs' fire loss claim, including the contents portion of the claim.

7) **Karen Watson**: Allstate employee involved with the handling of Plaintiffs' December 2008 claim under the Allstate Policy related to Chinese drywall.

8) **Kevin Cunningham**: Individual retained by Allstate to investigate the fire loss claim, including the fire origin and cause and inspection of personal property.

9) **Neighbors**: Individuals in proximity to the Property, who may have information or knowledge relevant to Plaintiffs' residence during relevant times and/or personal items Plaintiffs allege were lost in the fire.

10) **Andrea Horton**: Individual that reported the fire to the authorities on April 11, 2010.

11) All individuals identified by Plaintiffs in their Responses to Initial Disclosures, and all individuals and/or entities who may be identified by the parties of this case during the course of discovery.

12) Any other individuals identified in documents produced by Plaintiffs in this case.

**Defendant Allstate reserves the right to supplement this list as discovery in this case progresses.**

# ATTACHMENT "C"

1. Plaintiffs' Complaint

2. Defendant Allstate's Answer to Plaintiffs' Complaint

3. Plaintiffs' Sworn Statement(s) in Proof of Loss

4. Contents Inventory Form

5. Allstate Deluxe Homeowner's Policy

6. Correspondence between Allstate, Plaintiff(s) and UCB

7. Examination Under Oath of Linda Dillard, taken August 31, 2010

8. Examination Under Oath of Ronnie Dillard, taken August 31, 2010

9. Documents submitted by Plaintiffs in support of their Allstate claim(s)

10. All documents or things identified by Plaintiffs in their Responses to Initial Disclosures

11. Any other documents or things identified in documents produced by Plaintiffs in this case; and,

12. Other documents or things which may be identified by Plaintiffs, Defendant and/or any non-party during the course of discovery conducted in this case.

**Defendant Allstate hereby reserves the right to supplement this response as information becomes available during discovery in this case.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONNIE AND LINDA DILLARD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01466-MHS |
| ) | |
| ALLSTATE PROPERTY & ) | |
| CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on I electronically filed the foregoing **DEFENDANT ALLSTATE INSURANCE COMPANY'S INITIAL DISCLOSURES** (prepared in Times New Roman 14 point font) with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

**Andrew M. Beal, Esq.**
**Beal and Blitch, LLP**
**1100 Peachtree Street, Ste 640**
**Atlanta, GA 30309**
*Attorney for Plaintiffs*

This 15th day of June, 2011.

                                        WEBB, ZSCHUNKE, NEARY
                                              & DIKEMAN, LLP

                                  By: ***/s/ Marvin Dikeman***
                                      MARVIN D. DIKEMAN
                                      Georgia State Bar No. 221760
                                    ***Attorney for Defendant Allstate***

One Securities Centre, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, GA  30305
(404) 264-1080
(404) 264-4520
E-Mail: mdikeman@wznd.net